UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ASSURE RE INTERMEDIARIES, INC. (f/k/a ASSURE MANAGEMENT GROUP, INC.),<br><br>Plaintiff,<br><br>v.<br><br>WESTERN SURPLUS LINES AGENCY, INC.,<br><br>Defendant. | No. 1:20-CV-189-H |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART WESTERN SURPLUS'S AMENDED MOTION TO DISMISS**

Before the Court is Western Surplus Lines Agency, Inc.'s Motion to Dismiss Assure Re Intermediaries, Inc.'s claims against it under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 16. Having considered the motion, the parties' briefing, and the applicable law, the Court finds that Western Surplus's motion should be granted in part and denied in part. Because the Court declines to consider factual allegations not contained in the First Amended Complaint as judicial admissions, the Court finds that Assure Re has adequately stated claims for breach of contract, anticipatory repudiation, money had and received, and quantum meruit. Accordingly, the defendant's motion to dismiss with respect to those claims is denied. However, the Court grants the motion as to the declaratory judgement and unjust enrichment claims because those claims are redundant in light of the other claims in this suit. Finally, the Court denies the defendant's original motion to dismiss (Dkt. No. 6) as moot.

1.     **Factual Background**[1]

    A.     **Assure Re's Business Relationship with Western Surplus**

Plaintiff Assure Re Intermediaries, Inc. is a broker of insurance and reinsurance products. Dkt. No. 8 ¶ 2. In this role, Assure Re assists insurers in finding insurance agencies (known as managing general agencies (MGAs)) to market, underwrite, adjudicate claims, and manage insurance products on the insurer's behalf. *Id.* Western Surplus is an MGA with whom Assure Re has worked. *Id.* ¶ 3.

    B.     **The 2011 OG Program Agreement**

Beginning in 2011, Western Surplus sought to offer an insurance product, known as the OG Program, that was specifically directed to businesses using vehicles in the oil and gas industry. *Id.* ¶¶ 5–6. Western Surplus approached BMS Intermediaries, Inc. to locate an insurer for the OG Program and to negotiate the terms of the agreement that would govern the relationship between Western Surplus and the insurer. *Id.* ¶ 7.

Plaintiff alleges that Western Surplus and BMS entered into a contract for the OG Program, which is referred to as the 2011 OG Program Agreement. *Id.* ¶¶ 7–9. Under this contract, the parties agreed that if BMS located an insurer for the OG Program, Western Surplus would pay BMS 0.5% of all premiums it received under the OG Program for as long as such insurance was offered or premiums were collected, payable out of its commission as the MGA. *Id.* ¶¶ 7–9. While BMS was working to locate an insurer for the OG Program, Assure Re acquired BMS's business accounts, which included the Western Surplus account and rights to payment under the 2011 OG Program Agreement. *Id.* ¶ 13.

---

[1] These allegations are taken from Assure Re's First Amended Complaint (Dkt. No. 8), which the Court must accept as true when resolving the motion to dismiss. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

Relying on the terms of the 2011 OG Program Agreement, Assure Re brokered an agreement between Western Surplus and Hudson Insurance Company. *Id.* ¶¶ 15–17. On September 1, 2011, Western Surplus and Hudson entered into an agreement—the Program Administrator Agreement for the Oil and Gas Program (OG PAA)—whereby Western Surplus would act as the MGA and Hudson would provide the requisite insurance under the OG Program. *Id.* ¶ 16. Once Western Surplus and Hudson entered into the OG PAA, Assure Re's work under the 2011 OG Program Agreement was complete. *Id.* ¶ 17.

Assure Re claims that the OG Program has generated hundreds of millions of dollars in premiums, resulting in Western Surplus earning millions of dollars in commissions. *Id.* ¶ 19. Per the terms of the 2011 OG Program Agreement, Western Surplus paid 0.5% of its commissions to Assure Re between 2011 and June 2019. *Id.* ¶¶ 22, 28. In total, Western Surplus made more than 20 payments of between $30,000 and $50,000 to Assure Re under this agreement. *Id.* ¶¶ 7, 29.

### C. The 2013 Auto Program Agreement

In 2013, the parties entered into a similar contract for Western Surplus's auto business, which is referred to as the 2013 Auto Program Agreement. *Id.* ¶¶ 32–54. The terms of the 2013 Auto Program Agreement largely mirrored the 2011 OG Program Agreement. *Id.* ¶ 34. As it had done with the OG Program, Assure Re brokered a deal with Hudson on Western Surplus's behalf for the Auto Program. *Id.* ¶¶ 38–40.

In November 2014, Western Surplus and Hudson entered into a Program Administrator Agreement for the Auto Program (Auto PAA), whereby Western Surplus agreed to act as the MGA to the Auto Program, and Hudson agreed to provide the requisite insurance. *Id.* ¶ 40. Once Western Surplus and Hudson entered into the Auto PAA, Assure

Re had completed all of its obligations owed to Western Surplus under the 2013 Auto Program Agreement. *Id.* ¶ 42.

As soon as Western Surplus began collecting premiums under the Auto Program, it paid Assure Re 0.5% of those premiums pursuant to the 2013 Auto Program Agreement. *Id.* ¶ 47. In total, Western Surplus made more than 15 payments of approximately $30,000 to Assure Re under this agreement. *Id.* ¶ 51.

### D. Western Surplus's Alleged Breach of Contract

According to Assure Re, in July 2019, Western Surplus unilaterally ceased making any payments to Assure Re as owed under the 2011 OG Program Agreement and the 2013 Auto Program Agreement, despite continuing to collect premiums related to both programs. *Id.* ¶ 55. Plaintiff asserts that Western Surplus has continued to receive commissions and payouts from the OG PAA and Auto PAA; yet, it has failed to pay Assure Re monies owed pursuant to the 2011 and 2013 agreements since July 2019. *Id.* ¶ 30.

## 2. Procedural History

Based on the above factual allegations, Assure Re filed its Original Complaint on September 9, 2020 asserting various claims arising out of the two agreements. Dkt. No. 1. Western Surplus moved to dismiss plaintiff's Original Complaint for failure to state a claim. Dkt. Nos. 6–7. In response, Assure Re filed its First Amended Complaint (FAC) asserting claims against the defendant for breach of contract, anticipatory repudiation, quantum meruit, unjust enrichment, money had money received, and declaratory judgment. Dkt. No. 8. Western Surplus filed an amended motion to dismiss requesting that the Court dismiss Assure Re's FAC for failure to state a claim and asking the Court to exercise its discretion to dismiss the declaratory judgment claim as duplicative. Dkt. Nos. 16–17.

Western Surplus's amended motion to dismiss largely relies on alleged inconsistencies between the FAC (Dkt. No. 8) and the Original Complaint (Dkt. No. 1) or between the FAC and Assure Re's statements in related lawsuits involving different parties. *See* Dkt. No. 16 at 7–8. Defendant complains that Assure Re made certain admissions of fact in its Original Complaint and in other lawsuits that its FAC omits or contradicts, and it asks the Court to consider those admissions in resolving this motion. Western Surplus also argues that plaintiff's equitable claims should fail because plaintiff seeks improper damages. *Id.* at 7. In response, Assure Re attempts to dissuade the Court from considering statements from the superseded complaint or other lawsuits in resolving the motion to dismiss. Dkt. No. 20 at 12–16. Additionally, Assure Re argues that its declaratory-judgment request is not duplicative because it seeks a declaration setting forth the defendant's future payment obligations—which plaintiff claims will not be resolved by its other claims. *Id.* at 29–30. The amended motion to dismiss is now fully briefed and ripe for disposition.

3. **Legal Standards**

    A. **Rule 12(b)(6) Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In resolving a motion to dismiss, the Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)) (internal quotations omitted). But the Court does not "accept as true conclusory


allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). A motion to dismiss pursuant to Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (internal citation omitted).

### B. Scope of Pleadings to Be Considered

In determining whether to grant a motion to dismiss for failure to state a claim, a district court is generally limited to considering the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Here, Western Surplus asks the Court to take judicial notice of proceedings currently pending in other courts and consider plaintiff's statements in those cases as binding judicial admissions in this case. Dkt. No. 16 at 11, 14, 17. Additionally, the defendant asks the Court to consider alleged inconsistencies between the FAC and the Original Complaint in determining whether to dismiss the FAC. Accordingly, the Court must first determine whether it may consider these other pleadings and proceedings at this stage.

### i. The Court takes judicial notice of the related lawsuits, but it declines to consider any statements from those proceedings as binding judicial admissions in this case.

Western Surplus asks the Court to take judicial notice of the following pleadings in other lawsuits as matters of public record and to consider Assure Re's statements therein as judicial admissions in this case:

1. Amended Complaint filed June 1, 2020, in *Assure Re Intermediaries, Inc. (F/K/A Assure Management Group, Inc.) v. Pyrtle, et al.*, Cause No. 19-CVS-2170, General

      Court of Justice, Superior Court Division, Alamance County, North Carolina (Dkt. No. 17, Ex. A);

2. Defendant Hudson Specialty Insurance Company's Answer and Counterclaim for Interpleader, in *Assure Re Intermediaries, Inc. (F/K/A Assure Management Group, Inc.) v. Pyrtle, et al.*, Cause No. 19-CVS-2170, General Court of Justice, Superior Court Division, Alamance County, North Carolina (Dkt. No. 17, Ex. B);

3. Original Petition, Jury Demand, and Request for Disclosure, filed September 4, 2020, in *Assure Re Intermediaries, Inc. (F/K/A Assure Management Group, Inc.) v. Platinum Managing General Agency, Inc. and Streamline Insurance Services, Inc.*, in the 425th Judicial District Court, Williamson County, Texas (Dkt. No. 17, Ex. C).

It is entirely proper for the Court to take judicial notice of matters of public record when deciding a motion to dismiss. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (citing *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981)). Thus, the Court will do so here.

The Court's notice, however, is limited to the existence of the documents, "not to prove the truth of the documents' contents." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 n.1 (5th Cir. 1996). "Such weighing of evidence outside of the pleadings is beyond the usual purposes of judicial notice at the motion to dismiss stage[] and is more appropriately [sic] reserved for summary judgment or trial." *Ambler v. Williamson Cty.*, No. 1-20-CV-1068-LY, 2021 WL 769667, at *5 (W.D. Tex. Feb. 25, 2021).

Although the Court takes judicial notice of the existence of these other pleadings, it declines to consider Assure Re's statements in those pleadings as binding judicial admissions in this case. "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). To be a judicial admission, the statement "must be made intentionally as a waiver, releasing the opponent from proof of fact." *United*

*States v. Chavez-Hernandez*, 671 F.3d 494, 501 (5th Cir. 2012) (quoting *Martinez*, 244 F.3d at 476). The Fifth Circuit has held that "judicial admissions are not conclusive and binding in a separate case from the one in which the admissions were made." *Universal Am. Barge Corp. v. J–Chem.*, 946 F.2d 1131, 1142 (5th Cir. 1991). Thus, here, the Court finds that Assure Re's statements in other lawsuits are not binding judicial admissions in this case, and, instead, that those statements are more appropriately considered as evidence at a later stage.

### ii. Assure Re is not bound by its allegations in the Original Complaint.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Once a proper amended complaint is filed, the factual assertions from the superseded pleading lose their binding force as conclusive judicial admissions, but they may still be used as evidentiary admissions. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 n.5 (5th Cir. 1983); 6 Charles A. Wright, et al., *Federal Practice and Procedure* § 1476 (3d ed. 2021) (noting that "allegations in a pleading that has been withdrawn may be allowed into evidence as an admission of the party").

Here, Western Surplus filed its initial motion to dismiss under Rule 12(b)(6) on October 5, 2020. Dkt. No. 6. Assure Re timely filed its FAC on October 26, 2020, exactly 21 days later. *See* Dkt. No. 8. The FAC did not refer to, adopt, or incorporate by reference the Original Complaint. Thus, because Assure Re's complaint was timely amended as a matter of course under Federal Rule of Civil Procedure 15(a), the Original Complaint is no longer of legal effect, and the statements therein are not considered binding judicial

admissions. *See Devore v. Lyons*, No. 3:16-CV-01083-BN, 2016 WL 6277810, at *6 (N.D. Tex. Oct. 25, 2016).

Despite this clear precedent, Western Surplus asks the Court to reject Assure Re's statements in the FAC that contradict the Original Complaint and dismiss plaintiff's claims on those grounds. *See* Dkt. No. 16 at 11, 14. In doing so, Western Surplus relies on non-binding authority allowing courts to reject statements in amended complaints that directly contradict prior pleadings. *See Carrillo v. Buendia*, No. 2:20-CV-28, 2020 WL 4584380, at *4 (S.D. Tex. Aug. 10, 2020). In *Carrillo v. Buendia*, the court explained that "[w]hen amended pleadings are a transparent attempt to conform the facts to the requirements of the cause of action and represent diametrically opposed recollections of the events, the Court has discretion to reject the changes as sham." *Id.* (citing *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324–25 (Fed. Cir. 1998) (rejecting allegations that were materially changed without adequate explanation)); *see also* Fed. R. Civ. P. 11(b). The Court declines to follow *Carrillo*'s lead in this case.

First, *Carrillo* appears to be inconsistent with current precedent and is not the majority rule across circuits. Most circuits, including the Fifth Circuit, follow the general rule that statements in superseded pleadings are no longer treated as judicial admissions. *See Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 101 (5th Cir. 1993) (refusing to consider factual allegations in the original complaint that were "amended away" by the amended complaint); *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (citing *Hibernia* and collecting cases from the First, Seventh, and Ninth Circuit Courts of Appeals). "That is so even when the proposed amendment flatly contradicts the initial allegation" or where it is obvious that the changes were for the purpose of avoiding

9

dismissal. *W. Run Student Hous. Assocs.*, 712 F.3d at 172. Plaintiffs routinely amend complaints to correct factual inadequacies in response to a motion to dismiss. *See* 6 Charles A. Wright, et al., *Federal Practice and Procedure* § 1474 (3d ed. 2021). And superseded allegations may still be considered as evidence at the summary-judgment or trial stage. *White*, 720 F.2d at 1396. Accordingly, the Court declines to consider Assure Re's superseded allegations as judicial admissions, and instead, follows the general rule that any alleged factual inconsistencies are more appropriately considered as evidence at the summary-judgment or trial stage.

Additionally, the rule in *Carrillo* is derived from precedent authorizing district courts to strike or disregard "sham" pleadings under the guise of Federal Rule of Civil Procedure Rule 11. *See Bradley*, 136 F.3d at 1324–25. While the Fifth Circuit has not directly addressed this issue, at least one circuit has held that Rule 11, which is the proper mechanism for allegations of bad faith conduct, is not the appropriate vehicle for courts to dismiss or strike pleadings at the motion-to-dismiss stage. *See, e.g., PAE Gov't Servs. Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007) (holding that striking allegations as "sham" was an impermissible resolution on the merits and recognizing that nothing in the Federal Rules prevent a party from filing successive pleadings that make inconsistent or contradictory allegations).[2] Here, Western Surplus has not alleged or shown that Assure Re has acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11—therefore, the Court will not dismiss or strike any allegations in the FAC based on Rule 11.

---

[2] A prior version of Rule 11 did authorize a district court to "strike pleadings . . . as sham and false," but this provision was eliminated in 1983. *See* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment; 5A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1336.3 (4th ed. 2021).

Moreover, even if the Court were to follow *Carrillo* and consider allegations from the Original Complaint, the alleged inconsistencies between the two complaints in this case are not so contradictory as to warrant dismissing claims or striking certain statements. In the FAC, Assure Re revised various facts surrounding the formation of the 2013 Auto Program Agreement and the terms of the alleged contract.³ *See* Dkt. No. 8 ¶¶ 34–37, 40, 82. For example, Assure Re modified the formation timeline, omitted references to any seven-year term, and stated that the agreement was "capable of full performance within one year of inception." *Id.* ¶ 36. Assure Re explains that these modifications merely clarify when it would receive compensation for its work on the Auto Program—namely, at the time they entered into the 2013 Auto Program Agreement—and for how long compensation would continue (an undetermined length of time dependent on the Auto PAA). Dkt. No. 20 at 12–16. These types of clarification are permissible at this stage, and Western Surplus's attempts to characterize these modifications as impermissibly contradictory are not persuasive. Accordingly, the Court declines to strike or dismiss the FAC based on statements made in the Original Complaint. Therefore, in determining whether Assure Re has adequately stated claims for relief, the Court will only consider factual allegations included in the FAC.

4.  Analysis

    A.  **Assure Re has adequately stated claims for breach of contract and anticipatory repudiation.**

Western Surplus alleges that the FAC fails to state a claim for breach of contract (and thereby anticipatory repudiation) in three respects: a lack of consideration, failure to comply

---

³ Plaintiff's Original Complaint only contained a breach-of-contract claim related to the 2013 Auto Program Agreement; therefore, Western Surplus only discusses contradictions related to that agreement. *Compare* Dkt. No. 1 *with* Dkt. No. 8 ¶¶ 64–73.

with the statute of frauds, and failure to adequately state a defense to the statute of frauds. *See* Dkt. No. 16 at 18. However, Western Surplus admits that unlike its arguments related to the equitable claims, "its arguments on the contract claims all rely on the Court considering the facts stated in other pending lawsuits and in the original claim in conjunction with the amended complaint." Dkt. No. 22 at 5–6. And, for the reasons stated above, the Court declines to consider factual allegations from the superseded complaint or from other lawsuits as binding judicial admissions in determining whether the FAC adequately states claims for relief.

Therefore, in light of the FAC's allegations and the *Iqbal* standard, the Court denies the defendant's amended motion to dismiss as to plaintiff's claims for breach of contract and anticipatory repudiation. The Court finds that Assure Re has alleged sufficient facts under *Twombly* and *Iqbal* for those claims to survive dismissal. The parties' arguments on these claims are fact-intensive and are better resolved either on summary judgment or at trial.

### B. Assure Re's Equitable Claims: Money Had and Received, Unjust Enrichment, and Quantum Meruit

Plaintiff asserts alternative claims for quantum meruit, unjust enrichment, and money had and received. Dkt No. 8 ¶¶ 84–102. "A party can plead legal and equitable claims in the alternative, but only when one party disputes the existence of a contract governing the dispute." *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 929 (N.D. Tex. 2014) (dismissing unjust enrichment claim where the plaintiff and defendant stipulated to the validity of the contract). Here, Western Surplus disputes the validity of both alleged contracts; therefore, Assure Re may assert its equitable claims in the alternative if its breach-of-contract claims should fail. If the Court finds that a valid and enforceable contract exists, these equitable claims will not apply. Additionally, Assure Re is entitled to plead

inconsistent facts in support of its alternative claims. *Triumph Aerostructures, LLC v. Lockheed Martin Corp.*, No. 3:10-CV-2030, 2011 WL 1336399 (N.D. Tex. Apr. 6, 2011) (citing *Tibor Mach. Prods., Inc. v. Freudenberg-Nok Gen. P'ship*, 967 F. Supp. 1006, 1013 (N.D. Ill. 1997) ("In the early stages of litigation, a plaintiff is permitted both to rely on alternative theories of recovery and to incorporate inconsistent facts in separate counts.")). The Court addresses each equitable claim in turn below.

i. **Assure Re has stated a claim for money had and received.**

"Money had and received is an equitable doctrine applied to prevent unjust enrichment." *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004) (quoting *Miller-Rogaska, Inc. v. Bank One, Tex., N.A.*, 931 S.W.2d 655, 662 (Tex. App.—Dallas 1996, no writ) *superseded on other grounds by* Tex. Bus. & Com. Code § 3.419). "In Texas, a claim for money had and received is an equitable or quasi-contract theory of relief that is available only when there is no contract between the parties that covers the subject matter of the dispute." *Hidden Values, Inc. v. Wade*, No. 3:11-CV-1917-L, 2012 WL 1836087, at *11 (N.D. Tex. May 18, 2012) (citing *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 815 (Tex. App.—Dallas 2012, no pet.)). "To prove a claim for money had and received, a plaintiff must show that a defendant holds money which in equity and good conscious belongs to [the plaintiff]." *Metro. Life Ins. Co. v. Battle*, No. 3:16-CV-2524-D, 2018 WL 3438913, at *2 (N.D. Tex. July 17, 2018) (citing *MGA Ins. Co.*, 358 S.W.3d at 814).

Here, plaintiff alleges that Western Surplus "has held, and continues to hold, money that belongs to [Assure Re] in equity and in good conscience." Dkt. No. 8 ¶ 100. Western Surplus contends that the FAC and evidence not properly before the Court at this stage show that Assure Re has already been compensated for its services, and therefore, Assure

Re improperly seeks the benefit of its bargain through this equitable claim. Dkt. No. 16 at 8–19. However, the FAC clearly alleges that Western Surplus has failed to pay Assure Re under the 2011 and 2013 agreements from July 2019 until the present, despite continuing to receive commission and payouts from the OG Program and the Auto Program. *See* Dkt. No. 8 ¶¶ 30, 53. And any evidence to the contrary is more appropriately considered on summary judgement or at trial.

Thus, accepting plaintiff's allegations as true, the Court finds that the FAC sufficiently states a claim for money had and received for commissions withheld between July 2019 and present. As a result, the Court denies the defendant's motion as to this claim.

### ii. The Court dismisses Assure Re's independent claim for unjust enrichment.

"'Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits,' regardless of whether the defendant engaged in wrongdoing." *Janvey v. Alguire*, 846 F. Supp. 2d 662, 673 (N.D. Tex. 2011) (quoting *Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied)). "Unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Id.*

The vast majority of courts in this district have "held that Texas law does not confer an independent cause of action for unjust enrichment."[4] *Metro. Life Ins. Co.*, 2018 WL

---

[4] *See, e.g., Fisher v. Blue Cross & Blue Shield of Tex., Inc.*, No. 3:10-CV-2652-L, 2015 WL 5603711, at *12 (N.D. Tex. Sept. 23, 2015) (Lindsay, J.) (noting that "the vast majority of courts hold that unjust enrichment is not a separate cause of action"); *see also Dallas Cty. v. MERSCORP, Inc.*, No. 3:11-CV-2733-O, 2013 WL 5903300, at *9 (N.D. Tex. Nov. 4, 2013) (O'Connor, J.) ("Unjust enrichment is not an independent cause of action under Texas law.").

3438913, at *2. These courts generally "read claims for unjust enrichment as pleading an equitable common law claim for money had and received." *Janvey*, 846 F. Supp. 2d at 674 (internal quotes omitted); *Villareal v. First Presidio Bank*, 283 F. Supp. 3d 548, 553 n.5 (W.D. Tex. 2017) ("Claims for money had and received and unjust enrichment are materially and substantively identical."). However, Texas courts of appeals appear split on this issue. *See Elias v. Pilo*, 781 F. App'x 336, 338 n.3 (5th Cir. 2019).[5] And some courts fail to address the issue altogether at the motion-to-dismiss stage. *See, e.g., Cooper v. Gates*, No. 3:16-CV-2630-L, 2017 WL 3209452, at *4 (N.D. Tex. Mar. 7, 2017), *report and recommendation adopted*, No. 3:16-CV-2630-L, 2017 WL 7512934 (N.D. Tex. Aug. 11, 2017) (upholding both unjust-enrichment and money-had-and-received claims at the motion-to-dismiss stage without addressing whether unjust enrichment is an independent cause of action).

The parties here did not address this issue in their briefing. However, the Court finds that Assure Re's "factual allegations in support of its money had and received claim and unjust enrichment claim are indistinguishable." *Synergy Strategic Sols., LLC v. Totus Sols., Inc.*, No. 3:16-CV-2649-S, 2019 WL 1406599, at *11 (N.D. Tex. Mar. 28, 2019). Accordingly, the Court will address both claims "as one claim for money had and received"

---

[5] *Compare Freeman v. Harleton Oil & Gas, Inc.*, 528 S.W.3d 708, 742 (Tex. App.—Texarkana 2017, pet. denied) (treating unjust enrichment as an independent cause of action), *and Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet struck) ("Unjust enrichment is an independent cause of action."), *with Spellmann v. Love*, 534 S.W.3d 685, 693 (Tex. App.—Corpus Christi 2017, pet. denied) ("[A] cause of action for unjust enrichment . . . fails as a matter of law because it is not an independent cause of action."), *and R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 703 (Tex. App.—Waco 2008, pet. denied) ("Unjust enrichment, itself, is not an independent cause of action."). Although the Texas Supreme Court has referred to a "cause of action" or "claims" of unjust enrichment, it appears to have not yet resolved whether unjust enrichment is an independent cause of action or merely a "theory of liability that a plaintiff can pursue through several equitable causes of action." *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560 (N.D. Tex. 2009); *see Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683 (Tex. 2000) ("Unjust enrichment claims are based on quasi-contract"); *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998) ("The third cause of action . . . was unjust enrichment.").

and dismiss Assure Re's unjust enrichment claim "as repetitive and superfluous." *Id. (citing Metro. Life Ins. Co.*, 2018 WL 3438913, at *2).

### iii. Assure Re has stated a claim for quantum meruit.

Similar to plaintiff's claim for money had and received, plaintiff brings a claim for quantum meruit as an alternative to its breach-of-contract claims. Dkt. No. 8 ¶¶ 84–93. Quantum meruit is an equitable theory of recovery that is based on an implied agreement to pay for benefits received. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citing *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)). To recover under quantum meruit, a plaintiff must establish that:

> 1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient.

*Id.* The damages for quantum meruit are restitution, in the form of the reasonable value of the work performed. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 733 (Tex. 2018).

Here, Assure Re pleads quantum meruit as an alternative to its breach-of-contract claims by stating that it conferred hundreds of hours of services to Western Surplus, which Western Surplus accepted, and that Western Surplus had notice that Assure Re expected to be paid for its services. *See* Dkt. No. 8 ¶¶ 84–93. In line with its other arguments against the equitable claims, Western Surplus contends that Assure Re improperly seeks to recover its "benefit of the bargain" damages in its quantum-meruit claim. Dkt. No. 16 at 19. Defendant argues that Assure Re has already received payment under a restitution basis for several years and continues to receive payment; therefore, it is not entitled to relief under a quantum-meruit claim. *Id.* This argument inaccurately characterizes the FAC and does not compel dismissal.

Assure Re contends that it is seeking to recover in excess of what it already received from defendant prior to July 2019, and the FAC does not contain a statement indicating that any payments have continued past July 2019. *See* Dkt. No. 20 at 25–26. Thus, for the same reasons discussed above with the money-had-and-received claim, the Court finds that Assure Re has stated a claim for quantum meruit. Therefore, the defendant's amended motion to dismiss is denied with respect to this claim.

### C. The Court dismisses Assure Re's request for a declaratory judgment as redundant in light of the affirmative causes of action in this case.

A district court has broad, but not unfettered, discretion to decide, or dismiss, a request for declaratory judgement under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). "Courts have declined to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the Court." *Amerisure Ins. Co. v. Thermacor Process, Inc.*, No. 4:20-CV-01089-P, 2021 WL 1056435, at *7 (N.D. Tex. Mar. 19, 2021); *see also St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994) (considering "whether retaining the lawsuit would serve the purposes of judicial economy" among seven nonexclusive factors to consider when determining whether to decide or dismiss a declaratory action); *Great Am. Ins. Co. v. Goin*, No. 3:15-cv-75-L, 2017 WL 4238698, at *4 (N.D. Tex. Sept. 25, 2017) (explaining that "district courts in this Circuit regularly reject declaratory judgment claims seeking the resolution of issues that are the mirror image of other claims in a lawsuit." (citations

omitted)).[6] "A declaratory judgment action is redundant for this reason if resolution of the affirmative claims and counterclaims before the Court would resolve all questions that the declaratory judgment action raises." *Amerisure Ins. Co.*, 2021 WL 1056435, at *7.

Here, Assure Re requests a declaration setting forth the parties' rights and obligations under the alleged 2011 OG Program Agreement and the 2013 Auto Program Agreement. Dkt. No. 8 ¶¶ 113–18; Dkt. No. 20 at 30. Western Surplus argues that Assure Re's claim for declaratory relief should be dismissed because it is duplicative of its claims for breach of contract and anticipatory repudiation, citing *Flanagan v. Chesapeake Expl., LLC*, No. 3:15-CV-0222-B, 2015 WL 6736648, at *4 (N.D. Tex. Nov. 4, 2015). Dkt. No. 16 at 21. In *Flanagan*, the district court dismissed the plaintiffs' claim for a declaration as to how oil and gas royalties should be calculated as duplicative because "this was precisely what it must determine to resolve the breach of contract claim." *Id.* (citing Mem. Op. & Order, Aug. 10, 2015, Dkt. No. 13 at 19). The court there reasoned that any determination of the defendant's royalty obligations under the contract would necessarily determine whether those royalty obligations would continue in the future. *Id.* (citing *Regus Mgmt. Grp.* 2008 WL 2434245, at *3). Therefore, a declaration would be unnecessary under principles of res judicata. *Id.*

Assure Re suggests that its declaratory-judgment request is not duplicative because it seeks to declare and define the parties "rights and obligations under both agreements" for

---

[6] *See, e.g., Regus Mgmt. Grp., LLC v. Int'l Bus. Mach. Corp.*, No. 3:07-CV-1799, 2008 WL 2434245, at *3 (N.D. Tex. June 17, 2008) (Boyle, J.) (dismissing declaratory judgment claim as entirely repetitive and unnecessary); *Xtria LLC v. Tracking Sys., Inc.*, No. 3:07-CV-0160-D, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) (Fitzwater, J.) (dismissing declaratory judgment action as duplicative of an existing breach of contract claim); *Albritton Props. v. American Empire Surplus Lines*, No. 04-CV-2531, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) (Solis., J.) (dismissing declaratory judgment counterclaim where the disputed issues were already pending).

"now and in the future"—information that it alleges will not necessarily be determined by the contract claims. Dkt. No. 20 at 30 (citing *5436, LLC v. CBS Corp.*, No. CIV.A.H-08-3097, 2009 WL 3378379, at *16–17 (S.D. Tex. Oct. 16, 2009) (finding that declaratory-judgment claims are not redundant where the declaratory action seeks to define the ongoing and future duties of the parties under the governing contract)). This argument, however, is not persuasive in this case.

In the FAC, plaintiff alleges that it had completed all of its obligations under both alleged contracts as soon as Hudson and Western Surplus entered into their respective agreements. Dkt. No. 8 ¶¶ 17, 42. Thus, the only continuing right or obligation alleged is Assure Re's right to continue to receive payment under the alleged 2011 and 2013 agreements for work already completed, which will necessarily be resolved by the contractual claims. Therefore, the Court finds that, as in *Flanagan*, Assure Re's declaratory-judgment claim is precisely what the Court must determine to decide Assure Re's contract claims, and any determination of defendant's obligations under the contract will determine whether those obligations continue in the future. As a result, the Court dismisses Assure Re's declaratory judgment claim.

5.  **Leave to Amend**

The Court is mindful of the liberal policy favoring allowing at least one opportunity to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a party must expressly request leave to amend." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014) (quotation marks and citation omitted). "When a plaintiff fails to request leave to amend or indicate what might be added to the complaint if amendment were allowed, a district court may dismiss the cause of action with prejudice." *Son v. Wells*

*Fargo Bank, N.A.*, No. 1:18-CV-488-RP, 2019 WL 317251, at *3 (W.D. Tex. Jan. 24, 2019) (citing *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012)). Here, Assure Re has not requested leave to amend its complaint, nor is it apparent to the Court how the deficiencies identified in this Order could be cured. The Court therefore declines to sua sponte permit Assure Re to amend its complaint a second time.

**6. Conclusion**

For the reasons stated above, the Court grants in part and denies in part the defendant's Amended Motion to Dismiss (Dkt. No. 16). The Court dismisses Assure Re's claims for unjust enrichment and declaratory judgment with prejudice. All other claims survive dismissal. Finally, the Court denies Western Surplus's initial motion to dismiss (Dkt. No. 6) as moot.

So ordered on June 11, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE